UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY ILCZYSZYN, *et al.*, | No. C-15-2768 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| SOUTHWEST AIRLINES CO., *et al.*, | **(Docket No. 23)** |
| Defendants. | |

     Plaintiffs Kelly, Sydney, Logan, and Hannah Ilczyszyn[1] (collectively, "Plaintiffs") have filed suit against Defendants Southwest Airlines Co. ("Southwest"), several Southwest flight attendants, a Southwest pilot, and a Southwest first officer (collectively, "Defendants"). Plaintiffs assert a single claim for wrongful death related to an injury that their husband/father, Richard Ilczyszyn ("Richard"), sustained while he was traveling on a Southwest airplane. Currently pending before the Court is Plaintiffs' motion to remand. (The Court has deferred Defendants' motion to dismiss until after the remand motion is resolved.) Plaintiffs argue that removal of the instant action was improper because, contrary to what Defendants assert, there is no complete preemption and, furthermore, no significant federal issues are implicated.

     A hearing was held on Plaintiffs' motion on August 27, 2015. This order memorializes the Court's oral rulings made at the hearing and adds additional analysis as necessary.

---

[1] Sydney is a minor.

First, the Court rejects Defendants' argument of complete preemption. Defendants have not cited to any case holding that there is complete preemption (as opposed to defensive preemption) under the FAA or ADA. Moreover, case law indicates or has held to the contrary. *See, e.g.*, *Webb v. Desert Bermuda Development Co.*, 518 Fed. Appx. 521, 522 (9th Cir. 2013) (stating that "[t]he FAA does not create a federal cause of action for personal injury suits," and, "[c]onsequently, the complete preemption doctrine is inapplicable here and does not provide a basis for removal"); *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013) (stating that "the complete preemption doctrine applies only to 'claim[s] which come[] within the scope of [a federal] cause of action,'" and, "[h]ere the parties agree that there is no federal cause of action for plaintiffs' claims, which places this case outside the realm of complete preemption"); *Wayne v. Dhl Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) (noting, "[i]n contrast to ERISA, the ADA [Airline Deregulation Act] does not even provide for a private right of action to enforce its provisions" and, "[t]herefore, the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine").

Second, the Court rejects Defendants' *Grable* argument. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In *Grable*, the Supreme Court held that, "[w]hether or not a complaint pleads a federal cause of action, 'federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.'" *Dennis*, 724 F.3d at 1253 (quoting *Grable*, 545 at 312). More specifically, "[a] state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Grable*, 545 U.S. at 314). The Supreme Court has explained that, for *Grable* purposes, a substantial federal question would be at issue if resolution of the federal question would both be (1) dispositive of the case and (2) controlling in numerous other cases. *See Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Thus, for example, in *Grable*, there was a substantial federal question because (1) it appeared that the only issue contested in the case was the federal question of whether the IRS had complied with a federal statute and (2) the federal question "presented a nearly 'pure issue of law,' one 'that could be settled once and for all

1  and thereafter would govern numerous tax sale cases.'" *Id.*; *see also Gunn v. Minton*, 133 S. Ct.
2  1059, 1066 (2013) (stating that "[t]he substantiality inquiry under *Grable* [also] looks . . . to the
3  importance of the issue to the federal system as a whole," not whether the issue is significant to the
4  particular parties in the immediate suit; in *Grable*, "we primarily focused not on the interests of the
5  litigants themselves, but rather on the broader significance of the notice question for the Federal
6  Government"). Accordingly, where a case is "fact-bound and situation specific," a substantial
7  federal question is less likely to be found. *Empire*, 547 U.S. at 701 (noting that plan administrator's
8  reimbursement claim was "fact-bound and situation specific"; ultimately concluding that there was
9  no federal question jurisdiction over the claim).

10  Contrary to what Defendants argue, Plaintiffs' cause of action does not necessarily raise a
11  federal issue. Plaintiffs' claim for wrongful death is in effect a claim that Defendants failed to
12  properly respond to a medical emergency. That claim does not require resolution of a federal issue.
13  That the complaint makes reference to Defendants' improperly treating the situation as a security
14  problem (thus potentially implicating TSA rules and regulations) does not make the claim dependent
15  on a federal issue. Plaintiffs' claim for wrongful death can stand independently without implicating
16  TSA rules and regulations. Indeed, federal regulations alluded to by Defendants here are in the
17  nature of a defense rather than being part of Plaintiffs' cause of action. *See Chi. Tribune Co. v. Bd.*
18  *of Trs. of the Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) (stating that "*Grable* does not alter
19  the rule that a potential federal defense is not enough to create federal jurisdiction under § 1331");
20  *see also Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011)
21  (stating that "*Grable* did not implicitly overturn the well-pleaded complaint rule"; "[t]he *Grable*
22  complaint *did* present a federal issue on its face") (emphasis in original).

23  Moreover, as noted, there is no substantial federal issue under *Grable* where the case is fact-
24  bound and situation specific. That is the case here, particularly given Defendants' assertion that
25  they were simply acting in compliance with "Southwest's TSA-approved security program which
26  contains [SSI]." Docket No. 13 (Mot. to Dismiss at 11). As Plaintiffs argue, this case is analogous
27  to *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007). There, the plaintiffs claimed that
28  the flight operator, the airplane manufacturer, and the airport operator had acted negligently, leading

to a plane accident that hurt people on the ground. The defendants removed the case to federal court arguing that the *Grable* standard was met "for aviation accidents because of the dominant role that federal law plays in air transport." *Id.* at 909. The Seventh Circuit disagreed, noting that "[w]e have a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of federal law." *Id.* at 910.

Accordingly, Plaintiffs' motion to remand is granted. This order disposes of Docket No. 23.

The Clerk of the Court is ordered to remand in accordance with this opinion and administratively close the file in this case.

IT IS SO ORDERED.

Dated: September 1, 2015

_____
EDWARD M. CHEN
United States District Judge

4